PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* FRANCISCO JIMÉNEZ, Defendant and Appellant.

No. 2412. Argued April 7, 1925.—Decided April 20, 1925.

1. FORGERY—FORMER JEOPARDY—HUNG JURY.—A *nolle prosequi* entered after a disagreement and discharge of the jury will not bar another prosecution for the same offense.

2. ID.—INDICTMENT—PLEADING.—An indictment under section 413 of the Penal Code is not defective because the various acts of the defendant in committing the offense are stated jointly and not separately.

District Court of Humacao, Pablo Berga, J. Judgment of conviction in a prosecution for forgery under section 413 of the Penal Code. *Affirmed.*

*Francisco Cervoni* for the appellant. *José E. Figueras* and *Carlos Llauger Díaz* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is a prosecution for violation of section 413 of the Penal Code.

The defendant was convicted and sentenced to one year in the penitentiary. He appealed from the judgment and assigns error in his brief as follows: (1) Having been

previously in jeopardy for the same offense charged in the indictment; (2) that the indictment did not state facts sufficient to constitute an offense, and (3) that he should have been acquitted peremptorily because of insufficiency of the evidence.

[1] At the first trial the jury failed to agree on a verdict and were discharged. Section 277 of the Code of Criminal Procedure (Compilation of 1911, sec. 6311) provides that a court has power to discharge a jury after the cause is submitted to them when it satisfactorily appears that there is no reasonable probability that the jury can agree. Section 278 prescribes that in such a case the cause may be again tried. In the case of *People* v. *Brau,* 27 P. R.R. 713, it was held that "All of the cases insisting on the second jeopardy where there has been no judgment of conviction depend principally on the fact that there has been a verdict before judgment against the defendant."

However, the case was not submitted directly to a new trial. The indictment was quashed and the district attorney asked for leave to submit the same facts to another grand jury. This was done and a new indictment was found. The appellant complains, however, that the second indictment was based on section 413 of the Penal Code and not on section 419, as was the former, and contends also as a defense that the quashing of the first indictment amounted to a *nolle prosequi* and involved jeopardy which precludes his being tried a second time. In the first place, the appellant admits that the criminal acts submitted to the second grand jury were the same as those charged in the first indictment, and the only object in quashing the first indictment was to make the indictment conform to section 413, *supra.* In the second place, assuming that it was in the nature of a *nolle prosequi,* this would not prevent another prosecution for the same offense.

"But a nolle prosequi entered after a disagreement and dis-

charge of the jury will not bar another prosecution for the same offense.'' 16 C. J. 249.

See also the case of *People* v. *Felicié,* 31 P.R.R. 488.

[2] The second assignment refers to the sufficiency of the indictment. Section 413 of the Penal Code (Compilation of 1911, sec. 5865) on which it is based reads as follows:

''Sec. 413.—Every person who, with intent to defraud another, falsely makes, alters, forges, or counterfeits any charter, letters-patent, deed, lease, indenture, writing obligatory, will, testament, codicil, annuity, bond, covenant, bank-bill or note, post-note, check, * * * or counterfeits or forges the seal or handwriting of another, or utters, publishes, passes, or attempts to pass, as true and genuine, any of the above named false, altered, forged or counterfeited matters, as above specified and described, knowing the same to be false, altered, forged, or counterfeited, with intent to prejudice, damage, or defraud, any person, or who, with intent to defraud, alters, corrupts or falsifies any record of any will, * * * is guilty of forgery.''

This section defines more than one way in which the crime of forgery may be committed. A single offense may be committed by doing one of the acts enumerated or several of them, but whether there be one or several acts, the essential element of the offense being the intent to defraud, the crime is only that of forgery.

The indictment in this case sets up the various acts done by the defendant in committing the offense and they are included in section 413. It is not a defect, therefore, as the appellant contends, that the charges are set up jointly and not separately in the indictment. The indictment in this case is almost similar in terms to that in *People* v. *Vélez,* 17 P.R.R. 977, which was held sufficient.

In 12 California Jurisprudence, 660, in defining the manner in which the crime of forgery may be committed, the following doctrine is laid down:

"Under section 470 of the Penal Code, 'the falsely making,' 'altering,' 'forging,' 'counterfeiting,' 'uttering,' 'publishing,' 'passing,' 'attempting to pass' any of the instruments or things therein mentioned, with the intent specified, is declared to be forgery. And whoever is guilty of any one or more of these acts in reference to the same instrument, is guilty of but one forgery. So long as the various acts mentioned are committed with reference to the same instrument, they must be regarded as constituting one continuous transaction, notwithstanding the lapse of time or the intervention of acts by others, which do not destroy the identity of the instrument. Hence, a pleader, in charging all the acts enumerated in the statute, with reference to the same instrument, may at his option, charge them all in the same count, or each in separate counts. Where the statute enumerates several acts disjunctively, which, separately or together, constitute the offense, the indictment or information, in charging more than one of them in the same count, should do so in the conjunctive, unless the words used disjunctively in the statute are synonymous, as 'shall utter, publish, pass, or attempt to pass.'"

The third assignment is also without merit. The evidence was strong and sufficient to support the verdict.

The judgment must be affirmed.